IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES WATKINS<br>10 Mullen Drive<br>Sicklerville, NJ 08087<br>　　　　　　　　Plaintiff<br><br>vs.<br><br>WELLS FARGO BANK, N.A.<br>1700 Market St<br>Philadelphia, PA 19103<br>　　　　　　　　Defendant | CIVIL ACTION<br><br><br><br>NO. |

## COMPLAINT

### I.     INTRODUCTION

1.     This is an action for damages brought by an individual consumer for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "TCPA").

2.     The TCPA broadly prohibits any person from placing calls and text messages using an automated telephone dialing system or artificial or prerecorded voice to a cellular phone.

3.     Defendants harassed Plaintiff with repeated autodialed collection calls to Plaintiff's cell phone, in violation of the TCPA.

### II.    JURISDICTION AND VENUE

4.     This Court has federal question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331; *Mims v. Arrow Fin. Ser., Inc.*, 132 S.Ct. 740 (2012).

5.     Venue in this Court is proper in that Plaintiff resides here, the conduct complained of occurred here, and the Defendant transacts business here.

### III. PARTIES

6. Plaintiff James Watkins is a natural person who resides in Sicklerville, NJ at the address captioned.

7. Defendant Wells Fargo Bank, N.A. ("Wells Fargo") is a national association which regularly conducts business in this District and which has a branch location as captioned.

8. Wells Fargo at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

### IV. STATEMENT OF CLAIM

9. Plaintiff James Watkins has a cellular telephone number (ending in 0368) which he carries on his person and regularly uses.

10. At all relevant times, this phone number was assigned to a cellular telephone service Plaintiff used and paid for.

11. Wells Fargo placed calls to Plaintiff's cellular telephone number in the effort to collect a Wells Fargo credit account.

12. The alleged credit account was a credit card used for primarily personal, family or household use.

13. Wells Fargo placed dozens of calls (including text messages) to Plaintiff's cell phone.

14. When answered, there would be a long pause or a recording, consistent with an automated telephone dialing system.

15. It is believed, and therefore averred, that the calls made by Wells Fargo to Plaintiff's cell phone were made using either an automatic telephone dialing system, as that term is defined in 47 U.S.C. § 227(a)(1), or an artificial or prerecorded voice.

16. Wells Fargo did not have the "prior express consent" that is required by the TCPA.

17. Plaintiff told Wells Fargo to stop calling his cell phone, but the calls did not cease.

18. These telephone calls were not made for "emergency purposes," as defined by the Federal Communication Commission in 47 C.F.R. § 64.1200.

19. Notwithstanding Plaintiff's instructions, Defendant continued to place prohibited calls to Plaintiff's cell phone without his prior express consent.

20. Defendant willfully placed these auto-dialed or pre-recorded calls to Plaintiff without Plaintiff's consent.

## COUNT I – TELEPHONE CONSUMER PROTECTION ACT

21. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

22. Defendant has violated the TCPA, 47 U.S.C. § 227 et seq., and its implementing Regulation at 47 C.F.R. § 64.1200 et seq., by making any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service. 47 U.S.C. § 227(b)(1)(A)(iii).

23. Plaintiff is entitled, under the TCPA, to statutory damages of not less than $500.00 nor more than $1,500.00 for each autodialed or artificial/pre-recorded telephone call to his cellular phone.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant Wells Fargo Bank, N.A. for the following:

      (a)      Statutory damages for each call, pursuant to the TCPA;

      (b)      A declaration that Defendant's calls violate the TCPA;

      (b)      Such other and further relief as the Court shall deem just and proper.

**V.    DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted:

Date: 7/22/15

CARY L. FLITTER
THEODORE E. LORENZ
ANDREW M. MILZ

**FLITTER LORENZ, P.C.**
525 Route 73 South, Suite 200
Marlton, NJ 08053-9644
(856) 396-0600

**Attorneys for Plaintiff**

4